Military fay; active duty status; entitlement to benefits foo' injury sustained on active duty status; Military Airlift Command; associate Air Force reservist. — On May 28, 1976 the court entered the following order:
Before CoweN, Chief Judge, Durfee, Senior Judge, and Xasiiiwa, Judge.
“This case comes before the court on defendant’s and plaintiff's respective motions for summary judgment. The controversy concerns the decision of the Air Force Board for *692 the Correction of Military Records that plaintiff, an Air Force Reservist pilot participating in the service’s Reserve’ Associate Unit Program under the Military Airlift Command (MAC), was not on active duty at the time he sustained injury in an automobile accident and consequently was not entitled to those benefits accruing to members of the Armed Services injured while on active duty status.
“Plaintiff contends that the Board’s decision was erroneous because Paragraph 22.6 of Military Airlift Command Regulation MM 55-1 continues an aircraft crew member on active duty status for up to three days following the termination of a flight mission. Plaintiff returned from a flight mission on December 21, 1970 and was voluntarily released from active duty status on that date. On December 23, 1970 plaintiff sustained serious injuries in an automobile accident.
“Oral argument was heard on plaintiff’s contention that Paragraph 22.6 of MAC Regulation MM 55-1 required his-continuation on active duty status at least through the time of his automobile accident and that the Board erred in not applying the regulation in plaintiff’s favor. At oral argument defendant for the first time relied upon Appendix O’ to MAC Regulation MM 55-1 and with leave of the court added that document to the record. Appendix O specifies that Paragraph 22.6 of MAC Regulation MM 55-1 is not applicable to Air Force Reservists.
“On review of the various arguments presented by the-parties it is concluded that plaintiff, regardless of his participation in the Reserve Associate Unit Program, was still an Air Force Reservist (10 U.S.C. § 8076 (1970)), and that as such Appendix O of MAC Regulation MM 55-1 excludes applicability of Paragraph 22.6 of that regulation to plaintiff. Plaintiff’s contention that Appendix O exceptions to MAC Regulation MM 55-1 do not apply to plaintiff because an Air Force Program Directive excused Associate Reservists-from its exceptions otherwise applicable to ordinary Air Foi’ce Reservists is misplaced. By its own terms the Program Action Directive excuses Associate Reservists only from those Appendix O exceptions dealing with aircrew standards of qualification and currency. The Program Action Directive-did not void for Associate Reservists the Appendix O excep *693 tions dealing with free time nnder MAC Regulation MM •55-1. Not only is the Program Action Directive specific that it did not excuse Associate Reservists from the Appendix O •exceptions to the free time provisions of Paragraph 22.6 of MAC Regulation MM 55-1 but defendant has submitted an affidavit from the Air Force Officer in charge of preparing the Program Action Directive categorically denying that the Directive excused Associate Reservists from the applicability of Appendix Ó to Paragraph 22.6 of MAC Regulation MM 55-1.
“Therefore, it is ordered that defendant’s motion for summary judgment be granted and that plaintiff’s petition be •dismissed.”
On September 30, 1976 the court denied, plaintiff’s motion for reconsideration.